**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

VINCENT ROULHAC; MICHAEL MCDONALD;
TASHARKA SARGENT; and RAYMOND JACKSON

       Plaintiffs,

   - v -         Civ. No. 8:15-CV-0016
              (MAD/RFT)

NATHAN P. KENYAN, *et al.*,
       Defendants.

**APPEARANCES:**         **OF COUNSEL:**

VINCENT ROULHAC
Plaintiff, *Pro Se*
Clinton County Jail
25 McCarthy Drive
Plattsburgh, New York 12901

MICHAEL MCDONALD
Plaintiff, *Pro Se*
15A2351
Lakeview Shock Incarceration Correctional Facility
P.O. Box T
Brocton, New York 14716

TASHARKA SARGENT
Plaintiff, *Pro Se*
*Last Known Address*:
Clinton County Jail
25 McCarthy Drive
Plattsburgh, New York 12901

RAYMOND JACKSON
Plaintiff, *Pro Se*
Clinton County Jail
25 McCarthy Drive
Plattsburgh, New York 12901

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the Court for review a Complaint filed, pursuant to 42 U.S.C. § 1983, by *pro se* Plaintiffs Vincent Roulhac, Michael McDonald, Tasharka Sargent, and Raymond Jackson against eight New York State Police Officers. Dkt. No. 1, Compl. At the time this action was commenced, each of the Plaintiffs were being held at Clinton County Jail; however, it appears that two of the Plaintiffs have since been transferred to other facilities.[1] Generally, each Plaintiff sets forth a set of factual allegations regarding their respective arrests, claiming they each were racially profiled, illegally searched, and illegally arrested by certain Defendants.

### A. *In Forma Pauperis* Application

Turning first to the Applications to Proceed *In Forma Pauperis*, after reviewing

---

[1] Initially, this matter was administratively closed on April 8, 2015, by the Honorable Mae A. D'Agostino, United States District Judge, because two of the Plaintiffs failed to provide properly executed Inmate Authorization Forms as required by our Local Rules. Dkt. No. 8. The matter was subsequently reopened on April 15, 2015, upon receipt of the proper forms from Mr. Jackson, although the Court has not received the same from Plaintiff Sargent. Dkt. No. 8. Based upon a review of the New York State Department of Corrections and Community Supervision ("DOCCS") website, it appears that Tasharka Sargent is currently incarcerated at Washington Correctional Facility. *See* DOCCS Inmate Lookup, *available at* http://nysdoccslookup.doccs.ny.gov (DIN 15-A-1366).

the entire file and each Application, the Court finds that Plaintiffs could properly proceed with this matter *in forma pauperis*. Dkt. Nos. 2, 3, 4, & 5.

## B. Class Action

It appears that Plaintiffs may be attempting to bring this action as a class action. *See* Compl., First Cause of Action. It is well settled, however, that a class action cannot be maintained by a *pro se* litigant as non-attorneys may not represent anyone other than themselves. *Miller v. Zerillo*, 2007 WL 4898361, at *1 (E.D.N.Y. Nov. 2, 2007) (citing cases and recommending denial of class certification without prejudice until an attorney makes an appearance); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); 28 U.S.C. § 1654. Thus, because none of the Plaintiffs, to the Court's knowledge, are attorneys, we recommend that the apparent request to have this matter class certified be **denied** without prejudice for renewal in the event an attorney appears.

## C. Rules Governing Pleading Requirements

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate

defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy) (other citations omitted)). Rule 8 also provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).

The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy a burden for the defendant in shaping a comprehensive defense, provides no meaningful basis
-4-

for a court to assess the sufficiency of a plaintiff's claims, and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy). As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the Court has the power, on its own initiative, . . . to dismiss the complaint." *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (internal quotation marks and citation omitted). In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

In the instant case, the Complaint starts with the *pro forma* complaint typically used by litigants seeking to bring a civil rights action pursuant to 42 U.S.C. § 1983. Within those first few pages, the Plaintiffs set forth the Court's jurisdiction and name the parties in this action. Compl. at pp. 1-3.[2] Following those pages are two typed pages bearing only Plaintiff Vincent Roulhac's name at the top. *Id.* at pp. 4-5. Presumably, these pages contain the allegations of fact supporting his claim for relief.

---

[2] All citations to the Complaint are to the pages automatically assigned by the Court's Electronic Case Management Electronic Case Files ("CM/ECF").

Each Plaintiff has a similar format wherein one-to-two typed pages bear a single named Plaintiff and provides allegations of fact pertinent to only that Plaintiff. *Id.* at pp. 6 (Plaintiff Sargent), 7 (Plaintiff McDonald), & 8-9 (Plaintiff Jackson). And, following Plaintiff Jackson's facts are three seemingly random pages, one from an opinion rendered by another judge, and two possibly from a motion written by an attorney. Notably, none of the recitations contain separately enumerated paragraphs and instead are in narrative form.

The Court finds that as pled, the Complaint does not conform with the Federal Rules of Civil Procedure and would be too burdensome for any Defendant to respond. While the Court could recommend allowing the Plaintiffs an opportunity to amend to cure the pleading deficiencies, such task could prove challenging in light of the fact that there are four separate Plaintiffs who are now at different facilities. In this regard, the Court finds it prudent to also examine whether this single action is properly brought by all four Plaintiffs.

### D. Joinder

Rule 20 of the Federal Rules of Civil Procedure provides that multiple individuals may join in one action as plaintiffs if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question

of law or fact common to all plaintiffs will arise in the action." FED. R. CIV. P. 20(a)(1). Whether claims by multiple plaintiffs arise out of "the same transaction, occurrence, or series of transactions or occurrences" must be determined on a "case by case basis." *Kehr ex rel. Kehr v. Yamaha Motor Corp., USA*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citing 7 C. Wright and A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1653, at 270 (1972)). "In construing the term 'transaction or occurrence' under Rule 20, many courts have drawn guidance from the use of the same term in Rule 13(a), applying to compulsory counterclaims." *Barnhart v. Town of Parma*, 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (citing *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974); *Blesedell v. Mobile Oil Co.*, 708 F. Supp. 1408, 1421 (S.D.N.Y. 1989)). In the Rule 13 context, the Second Circuit noted that in determining "whether a counterclaim arises out of the same transaction as the original claim, the court must assess the logical relationship between the claims and determine whether the 'essential facts of the various claims are so logically connected that consideration of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Barnhart v. Town of Parma*, 252 F.R.D. at 160 (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979).

Here, the Court finds that the claims of each of the Plaintiffs are not "so logically connected that considerations of judicial economy and fairness dictate that

all the issues be resolved in one lawsuit." *See Barnhart v. Town of Parma*, 252 F.R.D. at 160. Although there are similar causes of action, each Plaintiff has his own personal story regarding the manner in which he encountered law enforcement, the encounters with law enforcement did not occur on the same date nor with the same individuals, and the facts that will be required to support the individual claims will vary considerably. Thus, joinder of the claims asserted by the Plaintiffs herein is not warranted. The Court is further mindful of the inherent difficulties presented by multiple-inmate cases, including the impracticality in meeting the requirement that each Plaintiff sign every pleading where, as is the case here, each Plaintiff resides at a different facility and may have limitations on their abilities to communicate with one another.

In light of the Court's finding that the Complaint does not meet the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, and because of the inappropriateness and impracticality of maintaining this action as a multi-inmate-plaintiff action, the Court recommends that this entire matter be dismissed without prejudice and with leave for each Plaintiff to re-file his own civil rights action. In making this recommendation, this Court is not providing an assessment of merits of each Plaintiff's individual claim. Such initial screening, pursuant to 28 U.S.C. §§ 1915 and 1915A, would occur upon the re-filing of the individual claims.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiffs' Motions for Leave to Proceed *In Forma Pauperis* (Dkt. Nos. 2, 3, 4, & 5) are **GRANTED**; and it is further

**ORDERED**, that the Clerk provide the respective Superintendent of the facility, designated by each Plaintiff as his current location, with a copy of that Plaintiff's Inmate Authorization Form and notify the respective official that this action has been filed and that Plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED**, that the Clerk provide a copy of each Plaintiffs' Inmate Authorization Form to the Financial Deputy of the Clerk's Office; and it is further

**RECOMMENDED**, that the Plaintiffs' Request in the Complaint for Class Certification be **denied** as none of the Plaintiffs are represented by counsel at this moment; and it is further

**RECOMMENDED**, that based upon the Court's finding that the Complaint fails to comply with Federal Rules of Civil Procedure 8 and 10, and because joinder of each Plaintiff's claims in this single action is improper, the entire Complaint should be **dismissed without prejudice** and with leave to re-file individual civil actions; and it is further

**ORDERED**, that the Clerk serve a copy of this Report Recommendation and

Order on Plaintiffs by regular mail at the addresses listed on the docket and an additional copy be mailed to Tasharka Sargent at Washington Correctional Facility, DIN 15-A-1366, P.O. Box 180, Comstock, New York 12821.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: August 24, 2015
      Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge