**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**VINCENT ROULHAC; MICHAEL MCDONALD;
TASHARKA SARGENT; and RAYMOND JACKSON,**

         **Plaintiffs,**

 **vs.**             **8:15-CV-0016
                  (MAD/DJS)**

**NATHAN P. KENYAN, New York State Police;
JOEY D. RICE, New York State Police; MATTHEW
ROSS, New York State Police; CHRISTIAN WAGER,
New York State Police; JONATHAN DUDA, New York
State Police; TROOPER PISANI, New York State Police;
B.J. CARON, New York State Police, Badge #2823;
K. PAINE, New York State Police,**
         **Defendants.**
_____

**APPEARANCES:**         **OF COUNSEL:**

**VINCENT ROULHAC**
Clinton County Jail
25 McCarthy Drive
Plattsburgh, New York 12901
Plaintiff, *pro se*

**MICHAEL MCDONALD
15A2351**
Lakeview Shock Incarceration Correctional Facility
P.O. Box T
Brocton, New York 14716
Plaintiff, *pro se*

**TASHARKA SARGENT**
Clinton County Jail
25 McCarthy Drive
Plattsburgh, New York 12901
Plaintiff, *pro se*

**RAYMOND JACKSON**
Clinton County Jail
25 McCarthy Drive
Plattsburgh, New York 12901
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

**DECISION AND ORDER**

*Pro se* Plaintiffs Vincent Roulhac, Michael McDonald, Tasharka Sargent, and Raymond Jackson commenced this action against eight New York State Police Officers. *See* Dkt. No. 1. At the commencement of this action, each Plaintiff was being held at the Clinton County Jail after being individually arrested in independent incidents. Plaintiffs' complaint is a standard *pro forma* complaint to bring a civil rights action pursuant to 42 U.S.C. § 1983. *See id.* at 1-3. Following this, Plaintiffs each attached individual narrative statements describing the facts of their individual arrests. Generally, each Plaintiff claims that he was racially profiled, illegally searched, and illegally arrested by certain Defendants. However, each of the Plaintiffs' statements concern arrests from different dates, locations, and by different arresting officers.[1] *See id.* at 4-9. Plaintiffs' statements are followed by a one-page portion of an unidentified opinion issued by Hon. Patrick R. McGill, and two random pages that appear to be a portion of a motion written by an attorney. *See id.* at 10-12.

In an August 24, 2015 Report-Recommendation and Order, Magistrate Judge Treece recommended that the Court deny Plaintiffs' request for class certification and dismiss Plaintiffs' complaint without prejudice and with leave to re-file individual civil actions. *See* Dkt. No. 22. Currently before the Court is Magistrate Judge Treece's August 24, 2015 Report-Recommendation and Order, to which neither party has submitted objections.

---

[1] Vincent Roulhac states that a car he was a passenger in was pulled over while driving on Route 9 in Essex County, New York on September 28, 2014 by Trooper Nathan P. Kenyon under the supervision of Detective Joey Rice. Tasharka Sargent states that a car he was a passenger in was pulled over while driving on I 87 North on September 5, 2014 by Trooper Jonathan Duda and Trooper Paine. Michael McDonald states that a car he was a passenger in was pulled over in Plattsburgh, New York, on September 18, 2014 by Officer Christian Wager under the supervision of Detective Joey Rice. Raymond Jackson states that he was pulled over in Morrisonville, New York on May 28, 2014 by Sheriff Holland and Officer Ross. Raymond Jackson states he was pulled over again on June 11, 2014 by Officer Caron.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he] presented to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is

entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of this Rule is "to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (other citations omitted)). Moreover, Rule 10 of the Federal Rules of Civil Procedure provides that a "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). The Court may, on its own initiative, dismiss a complaint that "does not comply with the requirement that it be short and plain." *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Hudson*, 1998 WL 832708, at *2.

In reviewing a *pro se* case, the court "must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 303 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). "Indeed, the Second Circuit has stated that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). This does not mean, however, that a *pro se* litigant is excused from following the procedural requirements of a short and plain complaint. *See Hudson*, 1998 WL 832708, at *2. However, in the cases in which the court dismisses a *pro se* complaint for failure to comply with Rule 8, the court should grant the plaintiff an opportunity to amend the complaint to state an intelligible claim. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

4

Having reviewed Magistrate Judge Treece's August 24, 2015 Report-Recommendation and Order and the applicable law, the Court finds that Magistrate Judge Treece correctly recommended that the Court deny Plaintiffs' apparent request for class certification or joinder. None of the *pro se* Plaintiffs are attorneys. *See* Dkt. No. 1. It is well settled that a class action cannot be maintained by a *pro se* litigant as non-attorneys may not represent anyone other than themselves. *Miller v. Zerillo*, No. CV 07-1719, 2007 WL 4898361, *1 (E.D.N.Y. Nov. 2, 2007). Therefore, Magistrate Judge Treece correctly determined that Plaintiffs' apparent request to have the matter class certified be denied.

Moreover, Magistrate Judge Treece correctly recommended to dismiss the complaint without prejudice and with leave to re-file individual civil actions. The complaint fails to conform to the Federal Rules of Civil Procedure and, as pled, would be too burdensome for any Defendant to respond. Further, Plaintiffs' claims must be brought as individual civil actions rather than a single action joined by each Plaintiff. Rule 20 of the Federal Rules of Civil Procedure allows for joinder of multiple plaintiffs in one action if the individual plaintiffs assert a right to relief "(A) arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." FED. R. CIV. P. 20(a)(1). Although each Plaintiff alleges a similar course of conduct by the named Defendants during their respective arrests, each Plaintiff has his own personal narrative and the arrests were in different locations, on different dates, and by different arresting officers. Thus, the claims of each Plaintiff are not "so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Barnhart v. Town of Parma*, 252 F.R.D. 156, 160 (W.D.N.Y. 2008). Therefore, joinder of Plaintiffs' claims in one action is not proper and any amendment to the complaint would be futile.

After carefully reviewing the entire record in this matter, Plaintiffs' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Treece's August 24, 2015 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiffs' request in the complaint for class certification is **DENIED**; and the Court further

**ORDERS** that Plaintiffs' complaint is **DISMISSED without prejudice** and with leave to re-file individual civil actions; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 13, 2015
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge